UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ROBERT POTTER,

       Plaintiff,

v.

                                    CASE NO. 8:14-cv-02130-EAK-MAP

PINELLAS PARK WATER
MANAGEMENT DISTRICT

       Defendant.

_____/


**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT OR FOR A MORE DEFINITE STATEMENT**

      This cause comes before the Court on Defendant's Motion to Dismiss Plaintiff's

Amended Complaint or for a More Definite Statement (hereinafter "Motion to Dismiss")

(Doc. 5) and Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to

Dismiss (hereinafter "Response") (Doc. 9). After careful consideration of the parties'

submissions, this Court concludes that Defendant's Motion to Dismiss is **DENIED**.

PROCEDURAL HISTORY

      On August 6, 2013, Plaintiff Robert Potter (hereinafter "Plaintiff") filed his initial

complaint in the Circuit Court of the Sixth Judicial Circuit In and For Pinellas County,

Florida, alleging a retaliatory employment action by Defendant Pinellas Park Water

Management District (hereinafter "Defendant"). On August 7, 2014, Plaintiff amended

his complaint to include a federal claim for retaliation under the Civil Rights Acts of

1

1866 and 1991, 42 U.S.C. §§ 1981 and 1981(a)(b) and (c). Defendant thereafter removed the action to this Court.

On August 29, 2014, Plaintiff's Amended Complaint (Doc. 2) was filed with this Court. On September 5, 2014, Defendant filed its Motion to Dismiss, alleging that Plaintiff's Complaint failed to set forth sufficient facts in order to state a claim upon which relief may be granted. (Doc. 5). Defendant's Motion to Dismiss asks that in the alternative, Plaintiff should be required to submit a more definite statement because Plaintiff's Complaint is too vague and ambiguous and Defendant cannot reasonably frame a responsive pleading. *Id.* Because Plaintiff's Complaint alleges facts sufficient to support a claim for retaliation under § 1981 and a claim for the deprivation of rights under § 1983, Defendant's Motion to Dismiss must be **DENIED**.

<u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The Supreme Court has identified two working principles that underlie its decision in *Twombly*. "First, the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

2

662, 678 (2009). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a motion to dismiss, a court may begin its analysis "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* The Supreme Court has explained that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

<u>DISCUSSION</u>

In his Complaint, Plaintiff alleges that while employed by Defendant as a Maintenance Supervisor, Plaintiff complained to Defendant's Executive Director, Janet Rogers, that a white employee of the Defendant had harassed a black employee of the Defendant because of the black employee's race. (Doc. 2). Plaintiff further alleges that Defendant thereafter terminated Plaintiff's employment because Plaintiff had complained about race discrimination in Defendant's workplace. *Id.*

Plaintiff asserts that the retaliatory employment action taken against him was in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*, and under the Civil Rights Acts of 1866 and 1991, 42 U.S.C. §§ 1981 and 1981(a)(b) and (c). (Doc. 2). Plaintiff finally asserts that this Court has jurisdiction under the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Doc. 2). Defendant's Motion to Dismiss claims that Plaintiff has

failed to allege sufficient facts to sustain a claim for retaliation under § 1981 and failed to allege a cause of action under § 1983.

### 42 U.S.C. § 1981

Defendant claims that Plaintiff has failed to allege sufficient facts to sustain a claim for retaliation under § 1981 because "the plaintiff must show that he was racially discriminated against." (Doc. 5). This is not the case.

The Eleventh Circuit has stated that § 1981 "is directed exclusively toward racial discrimination." *Tucker v. Talladega City Schools*, 171 Fed. Appx. 289, 295 (11th Cir. 2006). However, the Eleventh Circuit has explained that "[r]uling out a § 1981 retaliation claim unless it was coupled with a non-retaliation race claim would go a long way toward eviscerating [the court's] holding in *Andrews* which recognizes a separate and distinct cause of action for retaliation under § 1981." *Id*. (referencing *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405 (11th Cir. 1998)). Thus, a § 1981 cause of action "includes retaliation for a plaintiff's opposition to race discrimination, whether or not he personally is the victim of that race discrimination." *Id*.

Plaintiff's Complaint alleges that Plaintiff's employment by the Defendant was terminated as the result of Plaintiff's complaint about race discrimination in the Defendant's workplace. (Doc. 2). Because the Eleventh Circuit has clearly stated that a § 1981 cause of action includes retaliation for a plaintiff's opposition to race discrimination, Plaintiff's Complaint alleges facts sufficient to support a claim for retaliation under § 1981.

## **42 U.S.C § 1983**

Plaintiff's Complaint states that this Court has jurisdiction over the § 1981 claim under 42 U.S.C. § 1983. (Doc. 2). Defendant claims that Plaintiff's "naked references to [§ 1983] to support jurisdiction, [leaves Defendant] to speculate that Plaintiff may be attempting to state a constitutional claim pursuant to 42 U.S.C. § 1983." (Doc. 5).

While in reality 28 U.S.C. 1331 grants this Court jurisdiction over this action, it is clear from the face of the Complaint that Plaintiff is bringing a claim against Defendant under 42 U.S.C. § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights, privileges, and immunities by state actors. 42 U.S.C. § 1983. In order to establish a claim under § 1983, a plaintiff must show that (1) "the defendant deprived him of a right secured by the Constitution and laws of the United States," and (2) "that the defendant acted under color of law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 151 (1970).

In order to survive a Motion to Dismiss, Plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544 at 570. In his Complaint, Plaintiff has alleged that his employment by the Defendant was terminated because he complained about race discrimination in the Defendant's workplace. (Doc. 2). It would appear then, that Plaintiff is alleging that Defendant terminated Plaintiff's employment for expressing his opposition to race discrimination. Because the First Amendment grants individuals the freedom of expression, it would appear that the Plaintiff is claiming he was deprived of his First Amendment rights.

Motions for more definite statements are disfavored and "should only be granted where the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Royal Shell Vacations, Inc. v. Scheyndel*, 233 F.R.D. 629, 630 (M.D. Fla. 2005). Because the Complaint is not so vague that Defendant cannot reasonably be required to frame a responsive pleading, and because accepting as true all of the allegations contained in Plaintiff's Complaint, Plaintiff has provided "a short and plain statement of the claim showing that the pleader is entitled to relief," *Twombly*, 550 U.S. 544 at 555, Defendant's Motion to Dismiss Plaintiff's Amended Complaint or for a More Definite Statement must be **DENIED**. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Dismiss is **DENIED**. The Defendant has ten days from this date to provide a response to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record

6